IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 14 2014

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Cr. No. 12-3182 JB |
| **CHASE CAMERON**, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Chase Cameron, and the Defendant's counsel, Angela Arellanes:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    c. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

      3)      to testify and present evidence on the Defendant's own behalf, and

      4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 37 of the superseding indictment, charging a violation of 18 U.S.C. § 1956(h), that being Conspiracy to Launder Monetary Instruments.

## SENTENCING

4.      As to Count 37, the Defendant understands that the maximum penalty provided by law for this offense is:

    a.      imprisonment for a period of not more than 20 years;

    b.      a fine not to exceed the greater of $ $500,000 or twice the value of the property involved in the transaction;

    c.      a term of supervised release of not more than 3 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.      a mandatory special penalty assessment of $100.00; and

    e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## DEFENDANT'S ADMISSION OF FACTS

6. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the superseding indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

a. **From at least October 2011 to December 12, 2012, I worked with defendant Kurt Gagarin and we were involved in the distribution of marijuana throughout California, New Mexico, and elsewhere. On April 11, 2012, Gagarin asked me to travel to Albuquerque, New Mexico, to collect drug money from defendant Chris Roybal (C. Roybal) and bring that drug money back to San Diego. Gagarin had provided C. Roybal marijuana previously and C. Roybal was providing Gagarin payment for those drugs.**

b. **When I arrived at the Albuquerque Sunport in Albuquerque, C. Roybal met me at the airport and picked me up, and we traveled to defendant George Roybal's (G. Roybal) house. I had met C. Roybal previously. Originally, I was supposed to pick up $50,000 from C. Roybal. However, when I got there, C. Roybal explained to Gagarin that C. Roybal only had $36,000. Gagarin instructed C. Roybal to give me the $36,000 to transport back to California.**

c. **Inside G. Roybal's residence, C. Roybal provided me the cash. Approximately 30 minutes later, C. Roybal, G. Roybal, and I went to the airport. C.**

3

Roybal dropped me off, and I went through security with G. Roybal. G. Roybal realized that he forgot some of the cash, and contacted C. Roybal. C. Roybal told G. Roybal and me to go to the departure gate, and that C. Roybal would meet us there. I was waiting for C. Roybal to show up with the additional cash, and I ended up missing my flight. C. Roybal eventually showed up and provided me additional cash.

  d. I then boarded Southwest Airlines Flight number 3046 from Albuquerque, New Mexico to San Diego, California, with the cash provided to me by C. Roybal, which totaled $31,500. When I arrived in California, I met up with Gagarin and provided him the cash. In doing so, I knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce. This transaction involved the proceeds of a specified unlawful activity, that is distribution of marijuana and conspiracy to do the same. I did so with the intent to promote the carrying on of specified unlawful activity, that is distribution of marijuana and conspiracy to do the same. I knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

  7. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

  8. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b).

b. The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

9. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the

sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

10.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

11.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12.     Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## WAIVER OF APPEAL RIGHTS

13. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver. The appellate waiver in this plea agreement does not bar the defendant from seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c), should the Sentencing Commission so authorize.

## GOVERNMENT'S ADDITIONAL AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss Count 2 and Count 50 of the superseding indictment.

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

15. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

16. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

17. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

18. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

19. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 14th day of April, 2014.

~~STEVEN C. YARBROUGH~~ DAMON P. MARTINEZ
Acting United States Attorney

~~SHANA B. LONG~~
JOEL R. MEYERS
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Angela Arellanes
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

Chase Cameron
Defendant