

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 0 9 2014

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. <u>12-3182 JB</u> |
| | ) |
| vs. | ) Counts 1 and 2: 21 U.S.C. § 846: Conspiracy; |
| | ) |
| **CHRISTOPHER ROYBAL,** | ) Counts 3 - 5: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B): |
| **GEORGE ROYBAL,** | ) Distribution of 500 Grams and More of Cocaine; |
| **JONATHON ULIBARRI,** | ) |
| **JEROME ECKSTEIN,** | ) Count 6: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): |
| **CESAR RAMIREZ,** | ) Distribution of Cocaine; |
| **MANUEL VALENCIA,** | ) |
| **JAIRUS GRANADO,** | ) Counts 7 - 11, 13 - 15: 21 U.S.C. §§ 841(a)(1) and |
| **TROY CRAWFORD,** | ) (b)(1)(D): Distribution of Marijuana; |
| **ERICK VIGIL,** | ) |
| **ISAAC GONZALES,** | ) Count 12 : 21 U.S.C. §§ 841(a)(1) and (b)(1)(D): |
| **RICHARD SANCHEZ,** | ) Possession with Intent to Distribute Marijuana; |
| **PAUL ULIBARRI, and** | ) |
| **KENNETH ULIBARRI,** | ) Counts 16 - 36 : 18 U.S.C. § 1956(a)(1)(B)(i): |
| | ) Laundering of Monetary Instruments and 18 U.S.C. |
| Defendants. | ) § 2: Aiding and Abetting; |
| | ) |
| | ) Counts 37 - 39: 18 U.S.C. § 1956(h): Conspiracy to |
| | ) Launder Monetary Instruments; |
| | ) |
| | ) Count 40: 18 U.S.C. § 1956 (a)(3)(B): Laundering of |
| | ) Monetary Instruments; |
| | ) |
| | ) Count 41: 18 U.S.C. § 1957: Engaging in Monetary |
| | ) Transactions in Property Derived from Specified |
| | ) Unlawful Activity; |
| | ) |
| | ) Count 42 - 60: 21 U.S.C. § 843(b): Use of a |
| | ) Telephone to Facilitate a Drug Trafficking Offense; |
| | ) |
| | ) Count 61: 18 U.S.C. § 1512(a)(2)(A): Tampering |
| | ) with a Witness; |
| | ) |
| | ) Count 62: 18 U.S.C. § 1512(a)(1)(A): Tampering |
| | ) with a Witness; |

)   Count 63: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B):
)   Distribution of 100 Grams of Heroin.

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### Count 1

Between on or about August 2011 through December 12, 2012, in Bernalillo County and elsewhere, in the District of New Mexico, the defendants, **CHRISTOPHER ROYBAL, MANUEL VALENCIA, CESAR RAMIREZ, GEORGE ROYBAL, JONATHON ULIBARRI, JAIRUS GRANADO, PAUL ULIBARRI, ISAAC GONZALES, and RICHARD SANCHEZ,** unlawfully, knowingly and intentionally combined, conspired, confederated and agreed with each other and with other persons whose names are known and unknown to the grand jury to commit the following offense against the United States, to wit: distribution of five kilograms and more of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

In violation of 21 U.S.C. § 846.

### Count 2

Between on or about October 2011 and December 12, 2012, in the District of New Mexico and elsewhere, the defendants, **CHRISTOPHER ROYBAL, JONATHAN ULIBARRI, TROY CRAWFORD, ERICK VIGIL, and JAIRUS GRANADO,** unlawfully, knowingly and intentionally combined, conspired, confederated and agreed with each other and with other persons whose names are known and unknown to the grand jury to commit the following offense against the United States, to wit: distribution of 50 kilograms and more of a mixture and substance containing a detectable

2

amount of marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

In violation of 21 U.S.C. § 846.

### Count 3

On or about August 18, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, 500 grams and more of a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

### Count 4

Between on or about September 10, 2011 and September 12, 2011, in Bernalillo County, in the District of New Mexico, the defendants, **CHRISTOPHER ROYBAL and JONATHON ULIBARRI,** unlawfully, knowingly and intentionally distributed a controlled substance, 500 grams of a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2.

### Count 5

Between on or about April 10, 2012 and April 13, 2012, in Bernalillo County, in the District of New Mexico, the defendants, **CHRISTOPHER ROYBAL and GEORGE ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, 500 grams of a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2.

3

<u>Count 6</u>

On or about December 14, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

<u>Count 7</u>

On or about October 18, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

<u>Count 8</u>

On or about November 1, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

<u>Count 9</u>

On or about November 7, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

4

<u>Count 10</u>

On or about November 29, 2011, in Bernalillo County, in the District of New Mexico, the defendants, **CHRISTOPHER ROYBAL and JONATHON ULIBARRI,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

<u>Count 11</u>

On or about December 7, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

<u>Count 12</u>

On or about December 14, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

<u>Count 13</u>

On or about December 20, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

5

<u>Count 14</u>

On or about February 17, 2012, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

<u>Count 15</u>

Between on or about April 4, 2012 and April 13, 2012, in Bernalillo County, in the District of New Mexico, the defendants, **CHRISTOPHER ROYBAL and GEORGE ROYBAL**, unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

<u>Count 16</u>

Between on or about January 15, 2010 through January 20, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a January 15, 2010 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; a January 20, 2010 payment in the amount of $868.37 to Saxon Mortgage Services; and a January 20, 2010 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while

6

conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. § 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 17

Between on or about February 16, 2010 through February 18, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a February 16, 2010 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; a February 18, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and a February 18, 2010 payment in the amount of $131.73 to Advanced Loan Servicing , which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 18

Between on or about March 22, 2010 through March 24, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a March 22, 2010 cash deposit in the amount of $1,100 into Wells Fargo Bank account # 6145735020; a March 24, 2010 payment in the amount of $911.59 to Saxon Mortgage Services;

and a March 24, 2010 payment in the amount of $128.93 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

Count 19

On or about April 15, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, an April 15, 2010 cash deposit in the amount of $800 into Wells Fargo Bank account # 6145735020; an April 15, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and an April 15, 2010 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

<u>Count 20</u>

Between on or about May 18, 2010 through May 21, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a May 18, 2010 cash deposit in the amount of $1,100 into Wells Fargo Bank account # 6145735020; a May 21, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and a May 21, 2010 payment in the amount of $127.48 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

<u>Count 21</u>

Between on or about June 8, 2010 through June 16, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a June 8, 2010 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; a June 16, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and a June 16, 2010 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source,

ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 22

Between on or about July 14, 2010 through July 16, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a July 14, 2010 cash deposit in the amount of $1,100 into Wells Fargo Bank account # 6145735020; a July 16, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and a July 16, 2010 payment in the amount of $127.48 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 23

Between on or about August 13, 2010 through August 18, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, an August 13, 2010 cash deposit in the amount of $1,100 into Wells Fargo Bank account

10

# 6145735020; an August 18, 2010 payment in the amount of $909.09 to Saxon Mortgage Services; and an August 18, 2010 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 24

Between on or about September 14, 2010 through September 17, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a September 14, 2010 cash deposit in the amount of $1,100 into Wells Fargo Bank account # 6145735020; a September 17, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and a September 17, 2010 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

Count 25

Between on or about October 14, 2010 through October 18, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, an October 14, 2010 cash deposit in the amount of $1,100 into Wells Fargo Bank account # 6145735020; an October 18, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and an October 18, 2010 payment in the amount of $127.48 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

Count 26

Between on or about November 10, 2010 through November 17, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a November 10, 2010 cash deposit in the amount of $1,200 into Wells Fargo Bank account # 6145735020; a November 17, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and a November 17, 2010 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to

12

conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 27

Between on or about December 15, 2010 through December 20, 2010, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a December 15, 2010 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; a December 20, 2010 payment in the amount of $911.59 to Saxon Mortgage Services; and a December 17, 2010 payment in the amount of $127.48 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 28

Between on or about January 12, 2011 through January 20, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly

conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a January 12, 2011 cash deposit in the amount of $1,000 into Wells Fargo Bank account # 6145735020; a January 20, 2011 payment in the amount of $911.59 to Saxon Mortgage Services; and a January 20, 2011 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

## Count 29

Between on or about February 10, 2011 through February 17, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a February 10, 2011 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; a February 17, 2011 payment in the amount of $882.65 to Saxon Mortgage Services; and a February 17, 2011 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

14

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 30

Between on or about March 15, 2011 through March 17, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a March 15, 2011 cash deposit in the amount of $550 into Wells Fargo Bank account # 6145735020; a second March 15, 2011 cash deposit in the amount of $550 into Wells Fargo Bank account # 6145735020; a March 17, 2011 payment in the amount of $882.65 to Saxon Mortgage Services; and a March 17, 2011 payment in the amount of $118.98 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 31

On or about April 18, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, an April 18, 2011 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; an April 18, 2011 payment in the amount of $882.65 to Saxon Mortgage Services; and an April 18, 2011 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a

15

specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 32

Between on or about June 14, 2011 through June 17, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a June 14, 2011 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; a June 17, 2011 payment in the amount of $882.65 to Saxon Mortgage Services; and a June 17, 2011 payment in the amount of $131.73 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 33

Between on or about July 12, 2011 through July 15, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct

and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, a

July 12, 2011 cash deposit in the amount of $950 into Wells Fargo Bank account # 6145735020;

a July 15, 2011 payment in the amount of $882.65 to Saxon Mortgage Services; and a July 15,

2011 payment in the amount of $127.48 to Advanced Loan Servicing, which involved the

proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing

that the transaction was designed in whole and in part to conceal the source, ownership and

control of the proceeds of said specified unlawful activity and that while conducting and

attempting to conduct such financial transaction knew that the property involved in the financial

transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

### Count 34

Between on or about September 7, 2011 through September 19, 2011, in Bernalillo

County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did

knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign

commerce, to wit, a September 7, 2011 cash deposit in the amount of $3,000 into Wells Fargo

Bank account # 6145735020; a September 19, 2011 payment in the amount of $890.15 to Saxon

Mortgage Services; and a September 19, 2011 payment in the amount of $131.73 to Advanced

Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution

of controlled substances, knowing that the transaction was designed in whole and in part to

conceal the source, ownership and control of the proceeds of said specified unlawful activity and

that while conducting and attempting to conduct such financial transaction knew that the

property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

Count 35

Between on or about October 17, 2011 through October 20, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, an October 17, 2011 cash deposit in the amount of $1,100 into Wells Fargo Bank account # 6145735020; an October 19, 2011 cash deposit in the amount of $500 into Wells Fargo Bank account # 6145735020; an October 19, 2011 payment in the amount of $890.15 to Saxon Mortgage Services; and an October 20, 2011 payment in the amount of $127.48 to Advanced Loan Servicing, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

Count 36

Between on or about November 16, 2011 through November 18, 2011, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER ROYBAL**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign

commerce, to wit, a November 16, 2011 cash deposit in the amount of $1,050 into Wells Fargo Bank account # 6145735020; and a November 18, 2011 payment in the amount of $900.15 to Saxon Mortgage Services, which involved the proceeds of a specified unlawful activity, that is distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal the source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i), and 18 U.S.C. § 2.

## Count 37

From on or about October 2011 through December 12, 2012, in the District of New Mexico and elsewhere, the defendants, **CHRISTOPHER ROYBAL, GEORGE ROYBAL, JOSE LOPEZ, CHASE CAMERON and TROY CRAWFORD,** did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the grand jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is distribution of marijuana and conspiracy to do the same, with the intent to promote the carrying on of specified unlawful activity, that is distribution of marijuana and conspiracy to do the same, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, contrary to 18 U.S.C. § 1956(a)(1)(A)(i).

## Manner and Means of the Conspiracy

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

(1) On April 11, 2012, Chase Cameron transported $31,500 in United States Currency on Southwest Airlines Flight number 3046 from Albuquerque, New Mexico to San Diego, California and then gave the money to Jose Lopez.

(2) On April 15, 2012, Troy Crawford transported $12,500 in United States Currency on Southwest Airlines Flight number 2025 from Albuquerque, New Mexico to Los Angeles, California and then gave the money to Jose Lopez the following day.

In violation of 18 U.S.C. § Section 1956(h).

## Count 38

From on or about May 24, 2011 through June 3, 2011, in the District of New Mexico and elsewhere, the defendants, **CHRISTOPHER ROYBAL and JEROME ECKSTEIN**, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the grand jury to commit offenses against the United States in violation 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, distribution of controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property

involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to 18 U.S.C. § 1956(a)(1)(B)(i).

Manner and Means of the Conspiracy

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

(1) On May 24, 2011, $10,000 United States currency was deposited into Bank of the West Account # 024-633941.

(2) On May 27, 2011, $6,000 United States currency was deposited into Bank of the West Account # 024-633941.

(3) On May 27, 2011, $4,000 United States currency was deposited into Bank of the West Account # 024-633941.

(4) On May 31, 2011, $20,000 was transferred from Bank of the West Account # 024-633941 to Bank of the West Account # 024-630798.

(5) On June 3, 2011, a $7,500 check payable to "Kristen Velasquez" drawn on Bank of the West Account # 024-630798 was cashed.

(6) On June 3, 2011, a $7,500 check payable to "Britney Gutierrez" drawn on Bank of the West Account # 024-630798 was cashed.

In violation of 18 U.S.C. § Section 1956(h).

Count 39

From on or about December 12, 2011 through January 26, 2012, in the District of New Mexico and elsewhere, the defendants, **CHRISTOPHER ROYBAL and JEROME ECKSTEIN**, did knowingly combine, conspire, and agree with each other and with other

persons known and unknown to the grand jury to commit offenses against the United States in violation 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, distribution of controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to 18 U.S.C. § 1956(a)(1)(B)(i).

<u>Manner and Means of the Conspiracy</u>

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

(1) On December 12, 2011, Christopher Roybal deposited $4,400 United States currency into Kirtland Federal Credit Union Account # 214845-8.

(2) On December 13, 2011, Jerome Eckstein deposited $5,000 United States currency into Kirtland Federal Credit Union Account # 214845-8.

(3) On December 13, 2011, $10,000 was transferred from Kirtland Federal Credit Union Account # 214845-8 to Kirtland Federal Credit Union Account # 214845-9.

(4) On December 14, 2011, check #249 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $5,000 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

(5) On December 20, 2011, Jerome Eckstein deposited $3,000 United States currency into Kirtland Federal Credit Union Account # 214845-9.

(6) On December 20, 2011, Jerome Eckstein deposited $2,500 United States currency into Kirtland Federal Credit Union Account # 214845-9.

(7) On December 21, 2011, check #210 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $5,000 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

(8) On December 27, 2011, Jerome Eckstein deposited $5,000 United States currency into Kirtland Federal Credit Union Account # 214845-9.

(9) On December 28, 2011, Christopher Roybal and Jerome Eckstein deposited $2,000 United States currency into Kirtland Federal Credit Union Account # 214845-9.

(10) On December 28, 2011, Christopher Roybal and Jerome Eckstein deposited $3,000 United States currency into Kirtland Federal Credit Union Account # 214845-9.

(11) On December 28, 2011, check #214 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $5,000 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

(12) On January 3, 2012, check #212 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $18,000 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

(13) On January 12, 2012, check #215 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $5,000 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

(14) On January 17, 2012, check #404 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $2,000 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

(15) On January 20, 2012, there was a deposit of $5,500 United States currency into Kirtland Federal Credit Union Account # 214845-9.

(16) On January 21, 2012, there was deposit of $8,000 United States currency into Kirtland Federal Credit Union Account # 214845-9.

(17) On January 23, 2012, check #405 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $4,500 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

(18) On January 26, 2012, check #406 drawn on Kirtland Federal Credit Union Account # 214845-9 in the amount of $5,000 was deposited into Main Bank Account # 10104550 in the name of 6000 Gibson, LLC.

In violation of 18 U.S.C. § Section 1956(h).

<u>Count 40</u>

Between on or about November 3, 2011 through December 12, 2012, in the District of New Mexico, the defendants, **CHRISTOPHER ROYBAL and JEROME ECKSTEIN**, with the intent to conceal and disguise the nature, location, source, ownership and control of property, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer, to be proceeds of specified unlawful activity, to wit: distribution of controlled substances.

In violation of 18 U.S.C. §§1956(a)(3)(B), and 18 U.S.C. § 2.

Count 41

On or about July 26, 2011, in the District of Nevada and elsewhere, the defendant,

**CHRISTOPHER ROYBAL**, did knowingly engage and attempt to engage in a monetary

transaction by through or to a financial institution, affecting interstate or foreign commerce, in

criminally derived property of a value greater than $10,000, that is a $10,100 United States

currency cash buy-in at Paris Las Vegas Casino, such property having been derived from a

specified unlawful activity, namely, distribution of controlled substances.

In violation of 18 U.S.C. § 1957.

Counts 42 - 60

For each of Counts 42 through 60, on or about the date specified for each Count, in the

District of New Mexico, the defendants named in each Count did unlawfully, knowingly, and

intentionally use a communication facility, that is a telephone, in facilitating the commission of

any act or acts constituting a felony under 21 U.S.C. § 841(a)(1), that is, distribution of a

controlled substance:

| Count | Date | Defendants | Call #s | Telephone |
|-------|------|-----------|---------|-----------|
| 42 | 4/11/12 | **GEORGE ROYBAL and CHRISTOPHER ROYBAL** | 224 | (505) 239-3039 and (505) 205-7387 |
| 43 | 4/11/12 | **GEORGE ROYBAL and CHRISTOPHER ROYBAL** | 268 | (505) 239-3039 and (505) 205-7387 |

| 44 | 2/28/12 - 2/29/12 | **CHRISTOPHER ROYBAL** | 5, 11 and 75 | (858) 837-2030 and (505) 563-0640 |
|---|---|---|---|---|
| 45 | 5/5/12 | **CESAR RAMIREZ and CHRISTOPHER ROYBAL** | 60, 66 and 68 | (505) 353-6072 and (505) 225-0342 |
| 46 | 4/10/12 | **TROY CRAWFORD and CHRISTOPHER ROYBAL** | 188, 191 and 199 | (562) 310-5118 and (505) 205-7387 |
| 47 | 4/10/12 | **CHRISTOPHER ROYBAL** | 189 | (505) 718-0057 and (505) 205-7387 |
| 48 | 4/10/12 | **CHRISTOPHER ROYBAL** | 127 | (505) 718-0562 and (505) 205-7387 |
| 49 | 3/3/12 | **JAIRUS GRANADO and CHRISTOPHER ROYBAL** | 281 and 292 | (505) 814-3663 and (505) 563-0640 |

| 50 | 4/11/12 | **CHRISTOPHER ROYBAL** | 315 and 324 | (323) 533-6976 and (505) 205-7387 |
|----|---------|------------------------|-------------|------------------------------------|
| 51 | 3/3/12 | **CHRISTOPHER ROYBAL** | 314 and 333 | (505) 506-3883 and (505) 563-0640 |
| 52 | 4/9/12 - 4/10/12 | **CHRISTOPHER ROYBAL** | 87, 95 and 129 | (505) 426-5109 and (505) 205-7387 |
| 53 | 3/3/12 | **ERICK VIGIL and CHRISTOPHER ROYBAL** | 279 and 329 | (505) 340-4984 and (505) 563-0640 |
| 54 | 4/21/12 | **MANUEL VALENCIA and CHRISTOPHER ROYBAL** | 1083 | (575) 707-2870 and (505) 205-7387 |
| 55 | 5/23/2012 | **PAUL ULIBARRI and CHRISTOPHER ROYBAL** | 193 and 212 | (505) 269-5463 and (505) 225-0342 |
| 56 | 4/13/2012 | **CHRISTOPHER ROYBAL** | 375, 377 and 384 | (954) 279-9326 and (505) 205-7387 |

| 57 | 7/26/12 | **ISAAC GONZALES and CESAR RAMIREZ** | 39 | (702) 237-3776 and (505) 710-7390 |
| 58 | 8/4/12 | **ISAAC GONZALES and CESAR RAMIREZ** | 447 and 449 | (702) 237-3776 and (505) 710-7390 |
| 59 | 8/16/12 | **RICHARD SANCHEZ and CESAR RAMIREZ** | 1019 and 1043 | (303) 437-8934 and (505) 710-7390 |
| 60 | 8/18/12 | **RICHARD SANCHEZ and CESAR RAMIREZ** | 1172 and 1202 | (303) 437-8934 and (505) 710-7390 |

Each in violation of 21 U.S.C. § 843(b).

<u>Count 61</u>

On or about the November 13, 2013, in Bernalillo County, in the District of New Mexico, the defendant, **GEORGE ROYBAL**, used the threat of physical force against a Federal Bureau of Investigation Confidential Human Source ("CHS") by threatening to cause physical harm to CHS and CHS' family, with the intent to influence, delay, and prevent the testimony of CHS in an official proceeding, that being trial scheduled on November 10, 2014, in the matter *United States v. Roybal, et al.*, criminal number 12-3182, pending in the United States District Court for the District of New Mexico.

28

In violation of Title 18 U.S.C. § 1512(a)(2)(A).

## Count 62

From on or about May 5, 2014, and continuing to on or about May 21, 2014, both dates being inclusive, in Bernalillo County, in the District of New Mexico, the defendant, **KENNETH ULIBARRI**, attempted to kill a Federal Bureau of Investigation Confidential Human Source ("CHS") by recruiting participants both known and unknown to the grand jury to contribute to the hiring of a third party to kill the CHS; and by collecting money from persons both unknown and known to the grand jury to pay money towards the hiring of a third party to kill the CHS, with the intent to prevent the attendance and testimony of CHS in an official proceeding, that being trial scheduled on November 10, 2014, in the matter *United States v. Roybal, et al.*, criminal number 12-3182, pending in the United States District Court for the District of New Mexico.

In violation of Title 18 U.S.C. § 1512(a)(1)(A).

## Count 63

On or about May 16, 2014, in Bernalillo County, in the District of New Mexico, the defendant, **KENNETH ULIBARRI**, unlawfully, knowingly, and intentionally distributed a controlled substance, 100 grams and more of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

## FORFEITURE ALLEGATIONS

Counts 1 through 15 and Count 63 of this Indictment are incorporated as part of this section of the indictment as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853.

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 or 846, the defendants,

**CHRISTOPHER ROYBAL, MANUEL VALENCIA, CESAR RAMIREZ, GEORGE ROYBAL, JONATHON ULIBARRI, JAIRUS GRANADO, ERICK VIGIL, ISAAC GONZALES, RICHARD SANCHEZ, PAUL ULIBARRI, and KENNETH ULIBARRI,**

shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the Defendants are convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses.

Counts 16 through 41 of this Indictment are incorporated as part of this section of the indictment as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

Upon conviction of any offense in violation of 18 U.S.C. § 1956, the defendants,

**CHRISTOPHER ROYBAL, GEORGE ROYBAL, TROY CRAWFORD, and JEROME ECKSTEIN** shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all property, real and personal, involved in such offense, or conspiracy to commit such offense, for which the Defendants are convicted, and all property traceable to such property.

The property to be forfeited to the United States includes but is not limited to the following:

1. MONEY JUDGMENT

A sum of money equal to at least $4,176,000 in United States currency, including any interest accruing to the date of the judgment, representing the amount of money derived from or involved in the offenses, or traceable to property involved in the offenses, for which the Defendants are jointly and severally liable.

2.    PERSONAL PROPERTY

    a.    Main Bank Account #010104550;

    b.    Bank of the West Account #024-633941;

    c.    Bank of the West Account #028625655;

    d.    Kirtland Federal Credit Union Account #214845-8;

    e.    Kirtland Federal Credit Union Account #214845-9;

    f.    Bank of America Account #439002715443;

    i.    2001 Chevrolet Tahoe (VIN #1GNEK13T31R119077);

    j.    2000 Chevrolet Monte Carlo SS (VIN #2G1WX12K6Y9212373);

    k.    2006 Dodge Magnum (VIN #2D4FV47T76H148575);

    l.    2000 Chevrolet Monte Carlo SS (VIN #2G1WX12K9Y9267464);

    m.    2006 Ford F-350 (VIN #1FTWW31P66EA15135); and

    o.    1967 Chevrolet Camaro (VIN #124377L161370).

3.    REAL PROPERTY

    a.    8004 Saddlebrook, Albuquerque, New Mexico 87120 – Lot 11, P1 Block 12,

        Vacation and Replat for Parkwest Unit 5, Albuquerque, NM; and

    b.    6000 Gibson, Albuquerque, New Mexico – Tract number G-Two-A-One

        (G-2-A-1), Siesta Hills Subdivision No. 2, City of Albuquerque, Bernalillo

        County, New Mexico.

If any of the above-described forfeitable property, as a result of any act or omission of the

Defendants:

    1)    cannot be located upon the exercise of due diligence;

2)     has been transferred or sold to, or deposited with, a third party;

3)     has been placed beyond the jurisdiction of the Court;

4)     has been substantially diminished in value; or

5)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(a)(1) to

seek forfeiture of any other property of the Defendants up to the value of the forfeitable property

described above.

                                        A TRUE BILL:


                                        /S/
                                        FOREPERSON OF THE GRAND JURY


Assistant United States Attorney

09/08/14   4:54PM

32